UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
ELLIOT SPIEGEL and JONATHAN SCHATZBERG,

                                  Plaintiffs,        **MEMORANDUM and ORDER**

    -against-                                    03-CV-5088 (SLT) (RLM)

DANIEL "TIGER" SCHULMANN and
UAK MANAGEMENT COMPANY, INC.,

                                  Defendants.
-----------------------------------------------------------------x

**TOWNES, United States District Judge:**

In 2003, plaintiffs Elliot Spiegel and Jonathan Schatzberg (collectively, "Plaintiffs"), both of whom were formerly employed at various Tiger Schulmann Karate Centers, commenced this action under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"), other federal statutes, and various State and local laws, principally alleging that Spiegel was twice wrongfully terminated on account of his obesity and that the defendants retaliated against both plaintiffs after Spiegel sought legal remedies for the alleged discrimination. In a memorandum and order dated November 30, 2006, this Court awarded summary judgment to Defendants Daniel "Tiger" Schulmann and UAK Management Company, Inc. ("UAK") (collectively, "Defendants"), dismissing all of Plaintiffs' federal claims and Plaintiffs' claims that Schulmann violated the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 296 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107, when he directed their termination. The Court declined to exercise jurisdiction over Plaintiffs' two remaining causes of action, which alleged that defendants retaliated against plaintiffs in violation of the NYSHRL and NYCHRL by, among other things, filing a Connecticut lawsuit against Spiegel.

In May 2010, the Second Circuit affirmed this Court's decision to dismiss plaintiff's federal claims and held that "the district court correctly decided that the Plaintiffs failed to state a claim under the NYSHRL." *Spiegel v. Schulmann*, 604 F.3d 72, 76 (2d Cir. 2010). However, the Second Circuit held that this Court's decision to dismiss the NYCHRL claim was predicated on an erroneous evidentiary determination, and remanded the matter so that this Court could "consider in the first instance whether obesity is a disability under the NYCHRL," *id.*, and "whether Spiegel has made out a *prima facie* case of discrimination under the disability provision of the NYCHRL." *Id.* at 83. Noting that these determinations would require this Court to "interpret[] any applicable provisions of the NYCHRL," the Second Circuit added that this Court could "also decide whether to exercise supplemental jurisdiction over this claim" and "may determine that this area of law would benefit from further development in the state courts and therefore dismiss the claim without prejudice to refiling in state court." *Id.*

Under 28 U.S.C. § 1367(c), this Court may decline to exercise supplemental jurisdiction over claims that raise "a novel or complex issue of State law." As the Second Circuit noted in its May 2010 decision in this case, "[n]either the New York Court of Appeals nor any intermediate New York appellate court has addressed the question [of] whether obesity alone constitutes a disability for the purposes of the NYCHRL." *Spiegel*, 604 F.3d at 83. New York appellate courts still have yet to address this question. After considering and weighing "the values of judicial economy, convenience, fairness, and comity," *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988), this Court has determined that this area of law would benefit from further development in the state courts. Accordingly, this Court, in its discretion, declines to exercise supplemental jurisdiction over this NYCHRL claim and dismisses the claim without prejudice to refiling in state court. *See Spiegel*, 604 F.3d at 83.

2

## *CONCLUSION*

For the reasons stated above, this Court, in its discretion, declines to exercise supplemental jurisdiction over the NYCHRL claim raised in Count III of Plaintiffs' Second Amended Complaint and dismisses the claim without prejudice to refiling in state court. The Clerk of Court is directed to enter judgment in accordance with this Memorandum and Order and to close this case.

**SO ORDERED.**

/s/SLT
SANDRA L. TOWNES
United States District Judge

Dated: September 2, 2010
Brooklyn, New York